(Huron County, Ohio, Common Pleas.)

SAMUEL N. LANDIS v. CORA E. CASE.

---

An attachment will lie on the ground that the defendant is a non-resident of the state under R. S. 5521, subs. 1 and 9, and constructive service may be obtained by publication, in an action for special damages for breach of land contract, notwithstanding the fact that such damages are unliquidated.

---

WILDMAN, J.

In this case the petition alleges that the defendant, being the owner of certain real estate, contracted to sell the same to the plaintiff upon certain terms and conditions stipulated; that the plaintiff has performed his part, but the defendant refuses to fulfill, to plaintiff's damage, special and unliquidated, in the sum of $1500, for which he asks personal judgment.

On the ground of the defendant's non-residence, an attachment has been issued, and service by publication has been made under the statute.

The case is submitted on the motions of the defendant to set aside the service and to discharge the attachment.

In support of these motions it is urged that the action, being for unliquidated damages, is not one "arising upon contract" within the meaning of section 5521 of the Revised Statutes, so as to authorize an attachment on the ground of non-residence, or constructive service under section 5048.

The case relied upon to support this contention is that of Conley v. Creighton, 5 Amer. Law Rec., 421, as decided by the Superior Court of Cincinnati at special term, and 2 W. L. Bull., 4, as decided by same Court at general term. The court holds:—"An action for damages for breach of promise of marriage, though in form an action upon contract, yet, as in ascertaining the damages the rules applicable to torts and not to contracts apply, it is not a demand arising upon contract, within the meaning of code section 191, sub. 9, upon which an attachment on the ground of non-residence can be obtained."

This holding is based rather upon the idea that the damages for breach of promise are analogous to those in tort, than that they are merely unliquidated.

The suit for breach of promise of marriage is in some of its aspects sui generis, and it may not be safe to rely upon its applicability to actions generally upon contracts, but for damages uncertain in amount.

A case more clearly in point in my judgment as well as of higher authority, is that of The Pennsylvania Railroad Company v. Peoples, 31 Ohio St. 537, which substantially holds that negligence of a railway company by which a passenger is injured, may be made the basis of an action upon the company's contract to carry the passenger, or in tort, at the passenger's election, and that, although the case was clearly one for unliquidated damages, the cause of action was one arising upon contract within the meaning of the statute before referred to.

On what I believe to be the correct construction of the section and the authority of the case just cited, the motions must be overruled.

Stewart & Rowley, for Plaintiff.

A. M. Beattie, for Defendant.